## JOHN M. GRIMES, Adm'r, Etc., Appellant, v. Wm. H. STARK, Respondent.

### St. Louis Court of Appeals, January 21, 1902.

Instruction: ERROR. It is error to give an instruction which is not based on some evidence.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*F. J. Duvall* and *J. D. Hostetter* for appellant.

If A is surety for B on a note for $1,000, and pays $100 on the note he has an immediate right of action against B to recover the $100, even though the common creditor may still hold his note against both for a balance of $900. It would not be necessary for A, in order to entitle him to recover the $100 from B, to do more than to prove that he paid as B's surety, $100 on a note. The description of the note upon which he made the payment would not be material. The amount of a surety's recovery against a principal is measured not by the note upon which he has made payments for the principal, but by the amount actually paid by him. Hearne v. Keith, 63 Mo. 84; Huse v. Ames, 104 Mo. 91. Of course a surety's recovery could in no event be greater than the whole amount of the note and interest, but it may be less, and neces-

sarily so, where any part of the note remains unpaid.   Lumber Co. v. Stewart, 78 Mo. App. l. c. 462.   An administrator has the same remedy which his intestate would have, were she living.   Sec. 4519, R. S. Mo. 1899.   It is always competent to show by parol evidence the actual relations of the makers of a note to each other.

*Pearson & Pearson* for respondent.

(1) Nothing is better settled in this State, .than that, a party will not be permitted to sue on one cause of action, and recover upon another.   And, as the trial issues must be within the paper issues, the instructions were properly framed with regard to the paper issues made.   Whipple v. B. & L. Ass'n, 55 Mo. App. 454; Huston v. Tyler, 140 Mo. 252.   (2) In the case at bar, plaintiff having elected to sue on the alleged payment, as surety for defendant, of a certain sum of money, on a certain promissory note for $646.60, could not enlarge his cause and basis of action by procuring instructions allowing him to recover on any indebtedness defendant might perchance owe plaintiff's intestate, on account of the payment of money, as his surety; but will be confined to the payment of the money, as surety, specifically assigned in his petition, as his ground of action.   Houston v. Tyler, 140 Mo. 251; Schneider v. Railroad, 75 Mo. 295; Waldheir v. Railroad, 71 Mo. 514.

GOODE, J.—John M. Grimes is the surviving husband and administrator of the estate of Nancy M. Grimes, deceased, and defendant Stark is her brother.   The petition contains three counts, but the first and third need not be noticed because appellant has abandoned them.   The second one is as follows:

"Plaintiff further states that the defendant, Wm. H. Stark, as principal, and Nancy M. Grimes as his surety, made their promissory note to one Thomas J. Mackey, dated on or

about December 7, 1895, for the sum of six hundred and forty-six dollars and sixty cents, the same bearing eight per cent interest compounded annually; and that on the — day of February, 1899, the said Nancy M. Grimes, defendant's surety on said note, paid off and discharged said note and all accrued interest to that date to said Thomas Mackey, the owner and holder thereof, paying the sum of eight hundred and thirty dollars and that upon such payment being made as aforesaid the said William H. Stark as principal in said note became and is indebted to said Nancy M. Grimes in the amount of eight hundred and thirty dollars so paid by her. That she demanded payment of him at the time and that same has never been paid and still remains unpaid and is now due and owing to this plaintiff as administrator of the estate of Nancy M. Grimes.

"Wherefore plaintiff prays judgment against the defendant for said sum of eight hundred and thirty dollars, together with interest thereon at the rate of six per cent per annum from February, 1899, and for costs."

To this count the defendant filed an answer containing a general denial and the further defense that if the note described in plaintiff's petition was executed by Nancy M. Grimes and Wm. H. Stark, Nancy M. Grimes was the principal debtor, it being agreed between her and Stark, at the time of the execution of the note, that she should pay the same because she was or would be indebted to the defendant in a sum in excess of the amount of the note; that she did become indebted to Stark for a larger sum and paid the note pursuant to said agreement and not as surety for the defendant.

It will be seen from the above that the issues joined were, whether the plaintiff's intestate, Nancy M. Grimes, had signed as surety for the defendant a note to Thomas J. Mackey, dated on or about December 7, 1895, for six hundred and forty-six dollars and sixty cents, or any other sum, which she afterwards paid and, if these things happened, whether said Nancy M.

Grimes was indebted at the time of the execution of said note, or at the time she paid it, to the defendant in a sum in excess of the amount of it and agreed to pay the note herself in part satisfaction of her indebtedness, and thereafter did pay it pursuant to such agreement.

Much is said in the briefs about the trial court's alleged error in modifying certain instructions requested by the plaintiff, to the effect that, if Nancy M. Grimes had paid, as surety for the defendant, a note for six hundred and forty-six dollars and sixty cents, *or any other amount,* to Thomas J. Mackey, the defendant thereupon became indebted to her for the amount she paid, by striking out the words "any other amount," thus denying plaintiff the right to recover unless the evidence showed his intestate had paid as surety for the defendant the exact sum above mentioned; but in the view we take of the case it is unnecessary to consider this point.

There is no evidence tending to prove Mrs. Grimes ever entered into an agreement with the defendant to pay the particular note described in the petition, or any other note to Mackey on which she was surety for the defendant, as part payment of an indebtedness she owed defendant, nor is there any proof that she was indebted to him at all. The only testimony in the record which has the remotest bearing on the agreement alleged in the answer is, that Mrs. Grimes had said to a witness that she would owe the defendant if he paid a certain judgment against him as administrator of the estate of Henry Schooler, and that her part of that judgment (presumably one rendered against him on a final settlement) would equal the amount of the note which she had signed as surety. It does not appear why Mrs. Grimes was responsible for any part of the judgment in the matter of the Schooler estate; in fact, the evidence on that subject is so vague as to be unintelligible. The most that can be extracted from the testimony is that Mrs. Grimes said if Stark took care of that judgment, whatever it was, and she had to pay the

note she was surety on, she would not be the loser.    This conversation took place between her and a third party and falls far short of showing, or tending to show, she had made an agreement with Stark, as pleaded in the answer, that she would discharge his note to Mackey in consideration of what she owed him on account of the Schooler settlement.

On the other hand, the evidence clearly shows, and, indeed, the defendant admits, that Mrs. Grimes paid a note to Mackey as defendant's surety of more than six hundred dollars.    Mackey's testimony, together with a check he gave Stark when the money was borrowed, established the fact that this note was for the amount and of the date stated in the petition. Defendant was, therefore, indebted to his sister for the sum she paid, and the plaintiff, as her administrator, is entitled to recover unless the defense set up in the answer was made good, and there was not the slightest evidence to. make it good.

The court gave this instruction of its own motion, against the appellant's objection, and an exception was saved to the ruling:

"If the jury find from the evidence in the cause that Nancy Grimes and defendant executed the note mentioned in the petition, and further find that at the time of said execution of the same, if any, said Nancy Grimes was indebted to defendant William H. Stark in any amount; and if the jury further find that in consideration of her said indebtedness, if any, to said Wm. H. Stark it was mutually agreed between said Nancy Grimes and William Stark that if said Nancy Grimes should pay off the Mackey note, such payment was to be a payment of any part or all of said indebtedness, if any, of said Nancy Grimes to William H. Stark, and if the jury further find that said Nancy Grimes did in fact pay off said Mackey note, then the jury should find for the defendant on that count."

The giving of said instruction was ·erroneous, because there was no evidence on which to base it—no evidence that Nancy Grimes was indebted to the defendant in any sum whatever, either more or less than the sum she paid for him, in consideration of which indebtedness she agreed to make the payment. Hutchinson v. Reliance Realty Co., 88 Mo. App. 614. For aught we can gather from the present record, plaintiff was entitled to recover.

The judgment is, therefore, reversed and the cause remanded. *Bland, P. J.,* and *Barclay, J.,* concur.